**UNITED STATES of America,**

v.

**Amir MIR, Defendant**

**16 CR 334 (VM)**

United States District Court,
S.D. New York.

Signed 12/13/2016

---

Karin Portlock, United States Attorney's Office, New York, NY, for United States of America.

Matthew J. Kluger, Law Offices of Matthew J. Kluger, Bronx, NY, for Amir Mir.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Defendant Amir Mir ("Mir") moves to suppress his post-arrest statements and preclude the Government from introducing such statements at trial during its case-in-chief on the ground that he did not knowingly and voluntarily waive his Fifth Amendment right to remain silent. ("Motion," Dkt. No. 45.) For the reasons discussed below, Mir's motion is DENIED.

## I. BACKGROUND

On March 14, 2016, FBI Agents arrested Mir at his home and brought him to FBI offices for interrogation. At the outset of his interrogation, Mir was advised of his Miranda rights and stated that he understood them. When asked by an FBI Agent whether he "want[ed] to talk to [the Agents] now," Mir answered, "Yeah, I don't know." The FBI Agent said, "Well, I'll tell you what, we'll start talking and then if you want to stop talking, that's fine," and then continued the interrogation, during which Mir made self-incriminating statements. At the end of the interrogation, Mir signed a form waiving his Miranda rights.

## II. DISCUSSION

"After giving a Miranda warning, police may interrogate a suspect who has neither invoked nor waived Miranda rights." Berghuis v. Thompkins, 560 U.S. 370, 372, 130 S.Ct. 2250, 176 L.Ed.2d 1098 (2010). "[A] suspect who has received and understood the Miranda warnings, and has

not invoked his <u>Miranda</u> rights, waives the right to remain silent by making an uncoerced statement to the police." <u>Id.</u> at 388–89, 130 S.Ct. 2250.

 After being advised of his <u>Miranda</u> rights and making clear that he understood them, Mir did not invoke his right to remain silent. Mir "did not say that he wanted to remain silent or that he did not want to talk with the police. Had he made either of these simple, unambiguous statements, he would have invoked his right to cut off questioning." <u>Id.</u> at 382, 130 S.Ct. 2250 (internal quotation marks omitted). Because he "did neither, ... he did not invoke his right to remain silent." <u>Id.</u>

 Mir contends that his answer—"Yeah, I don't know"—when asked by Agent Bartnik if he wanted to talk to him "indicates strong uncertainty about whether or not he wished to waive his rights." ("Memorandum in Support," Dkt. No. 46, at 4–5.) But a statement of "strong uncertainty" is insufficient to make Mir's subsequent statements inadmissible under <u>Miranda</u>. "[T]he purpose of <u>Miranda</u> in the first place was to create 'clearcut' rules that could be readily-understood and administered by officers." <u>U.S. v. Plugh</u>, 648 F.3d 118, 126 (2d Cir. 2011) (citing <u>Miranda v. Arizona</u>, 384 U.S. 436, 469, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). Mir's equivocal answer falls far short of being "clearcut" and therefore does not constitute the "unambiguous invocation" that would require custodial officers to cease questioning. Accordingly, although Mir did not expressly waive his right to remain silent at the outset of the interrogation, he implicitly waived that right by continuing to answer the FBI Agents' questions.

 Mir's signing the waiver of rights form at the end of the interrogation, rather than at the beginning, also does not mandate the suppression of Mir's statements. It is sufficient that Mir was read his rights, and stated that he understood them, at the outset of the interview. <u>See</u> <u>In re Terrorist Bombings of U.S. Embassies in E. Africa</u>, 552 F.3d 177, 209 (2d Cir. 2008) (holding that whether waiver form satisfied <u>Miranda</u> was immaterial "because of the adequacy of the subsequent oral warning").

### III.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that the pretrial motion of defendant Amir Mir to suppress his postarrest statement (Dkt. No. 45) is **DENIED.**

**SO ORDERED.**